DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Thomas Riley appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, denying his motion to modify or terminate spousal support. We affirm.
Mr. Riley was married to appellee Linda Riley for thirty-five years. In 1993, the trial court granted the parties a divorce. Incorporated into the divorce decree was a separation agreement entered into by the parties. The separation agreement provided,inter alia, that: (1) Mr. Riley would pay $2,765 per month in spousal support to Mrs. Riley until her remarriage or the death of either party; (2) Mr. Riley would pay, over a period of years, a total of $450,882 to Mrs. Riley as part of the division of property; (3) Mr. Riley would retain an art gallery business that the parties had begun during the marriage; and (4) Mr. Riley would retain his medical practice. The separation agreement reserved jurisdiction for the trial court to modify spousal support.
On August 22, 1996, Mr. Riley moved to modify or terminate spousal support. He argued that Mrs. Riley did not have a need for the spousal support to continue and that his income was reduced by his voluntary retirement from the practice of medicine. A hearing was held before a magistrate on January 24, 1997. Witnesses were Mr. and Mrs. Riley, the Rileys' financial consultant, and an expert witness presented by Mrs. Riley who testified as to Mr. Riley's present income.
On February 13, 1997, a magistrate's decision was issued, recommending that Mr. Riley's motion be denied. Mr. Riley objected to the magistrate's decision, and Mrs. Riley responded. On October 8, 1998, the trial court issued its order, overruling the objections, adopting the magistrate's decision and denying Mr. Riley's motion. This appeal followed.
Mr. Riley asserts two assignments of error. We will address each in turn.
First Assignment of Error
THE TRIAL COURT WAS WITHOUT AUTHORITY TO MODIFY THE PARTIES'
PROPERTY DIVISION, AND AS SUCH ERRED AS A MATTER OF LAW IN DOING SO.
 In his first assignment of error, Mr. Riley argues that the trial court's denial of his motion to modify spousal support somehow altered the property division created by the parties' separation agreement. However, Mr. Riley did not raise this issue in his objections to the magistrate's decision. Civ.R. 53(E)(3)(b) states in relevant part: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Because this issue was not raised in the objections to the magistrate's decision, Mr. Riley cannot raise the issue for the first time here.
The first assignment of error is overruled.
Second Assignment of Error
THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO TERMINATE OR DECREASE THOMAS'S SPOUSAL SUPPORT OBLIGATION.
 In his second assignment of error, Mr. Riley argues that the trial court abused its discretion by adopting the magistrate's decision denying his motion to modify spousal support. We disagree.
When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, unreported, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id.
An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
R.C. 3105.18(E) permits an award of spousal support to be modified after a divorce decree.
 In seeking a modification or cessation of [spousal support], the moving party must not merely demonstrate that there has been a change in the circumstances of either party, but must also prove that such a change was substantial. In fact, in order to merit any adjustment, the change in the parties' economic situation must be of such a degree as to be described as "drastic." Moreover, the moving party bears the burden of establishing that the change was not contemplated at the time of the divorce[.]
 (Citations omitted.) Mottice v. Mottice (1997), 118 Ohio App.3d 731, 734, quoting Towne v. Towne (Nov. 27, 1996),
 Summit App. No. 17772, unreported, at 3. Under R.C. 3105.18(F), "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses."
Mr. Riley argues that a change in circumstances had occurred because his income was been reduced to only what he derives from the art gallery, because he has retired from his medical practice. He contends that a significant portion of his income is devoted to payments on the $450,882 owed to Mrs. Riley as part of their property settlement, as well as repayment of several substantial debts incurred by Mr. Riley.[1] Mr. Riley also argues that Mrs. Riley has no need for the spousal support, because with prudent investment of the money received as part of the property division, she could meet her financial needs without touching the principal.
We conclude that the trial court's decision was not an abuse of discretion. The main fact underlying Mr. Riley's motion is his voluntary retirement from the practice of medicine before the age of sixty, which was fully anticipated at the time the parties entered into the separation agreement. The evidence before the magistrate demonstrates that any decrease in Mr. Riley's income was not involuntary and was fully anticipated at the time of the divorce. See Mottice, 118 Ohio App.3d at 734. There was also evidence that Mr. Riley's income from the art gallery would be greater than before his retirement. The evidence demonstrates that Mr. Riley did not show a substantial change in his circumstances that would justify a reduction or termination of spousal support.
Mr. Riley's argument that Mrs. Riley does not need the spousal support is also without merit. This court has held that an award of spousal support is not based on whether the recipient needs or deserves the spousal support. Schindler v. Schindler
(Jan. 28, 1998), Summit App. No. 18243, unreported, at 18. Thus, the only basis upon which a spousal support award may be modified is a significant change in circumstances. And, as we have noted, there was no change in circumstances justifying a modification of spousal support in this case.
The recommendation of the magistrate's decision to deny Mr. Riley's motion to modify spousal support was supported by the evidence. Therefore, we cannot say that the trial court acted with perversity of will, moral delinquency, or the like by adopting the magistrate's decision. The second assignment of error is overruled.
Mr. Riley's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT SLABY, P.J.
WHITMORE, J.
CONCUR
[1] Among these are the purchase of a $500,000 home, three automobiles (including a Jaguar and a sport utility vehicle), and $75,000 in furniture.